**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMIE A. BUNCH,

          Petitioner,                Case No. 2:25-cv-12551

v.                                 Hon. Brandy R. McMillion
                                 United States District Judge

ERIC RARDIN,

          Respondent.
_____/

**OPINION & ORDER GRANTING RESPONDENT'S MOTION TO**
**DISMISS (ECF NO.13), DISMISSING HABEAS PETITION,**
**AND DENYING PETITIONER'S MOTION FOR**
**APPOINTMENT OF CO-COUNSEL (ECF NO. 16)**

This is a *pro se* habeas case brought pursuant to 28 U.S.C. § 2241.   At the

time he instituted this action, Petitioner Jamie A. Bunch ("Bunch") was a federal

inmate serving a 10-year sentence for a federal drug offense at the Federal

Correctional Institution in Milan, Michigan.  *See generally* ECF No. 1.  Bunch

also had an Indiana detainer lodged against him for a state drug offense for which

he was sentenced to 12 years in prison, with 7 of those years suspended, to served

consecutively to his federal sentence.  ECF No. 2, PageID.12-13.  In his habeas

petition and supporting brief, filed through counsel, he raises claims concerning his

eligibility to receive and use sentencing credits under the First Step Act.  *See*

*generally* ECF Nos. 1, 2.  His requested relief is to obtain proper FSA time credit

toward either early prerelease custody (including early transfer to serve his state sentence) or early supervised release. *Id*. Respondent recently filed a Motion to Dismiss the Petition on mootness grounds because Petitioner's transfer to state custody was imminent. *See* ECF No. 13, PageID.83. In a supplemental brief, Respondent informed the Court that Petitioner had been released from federal custody. *See* ECF No. 14, PageID.90. Petitioner filed a *pro se* response to the motion, along with a Motion for Appointment of Co-Counsel. ECF Nos. 15, 16.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Thomas Sysco Food Svs. v. Martin*, 983 F.2d 60, 62 (6th Cir.

1993); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (habeas claim is moot when the court no longer has power to grant the requested relief).

Respondent argues that this case is moot, as Bunch has already been placed in state court custody. *See* ECF No. 13, PageID.83-85. The BOP's Inmate Locator database indicates that Petitioner has been released from federal custody (and presumably transferred to state custody in Indiana). *See* Petitioner's Inmate Profile, BOP Inmate Locator, https://www.bop.gov/inmateloc/ (accessed on Jan. 8, 2026). Because Bunch is no longer in federal custody, the Court concludes that there is no longer any case or controversy for the Court to resolve. As there is no further relief for Court to grant on Bunch's habeas claims, this case has been rendered moot; and the habeas petition must be dismissed on that basis.

Accordingly, the Court **GRANTS** the Motion to Dismiss (ECF No. 13).

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Co-Counsel (ECF No. 16) is **DENIED AS MOOT**.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated:   January 12, 2026                    s/Brandy R. McMillion
       Detroit, Michigan                    HON. BRANDY R. MCMILLION
                                   United States District Judge